# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 13550911**
**Date Processed: 03/10/2015**

| | |
|---|---|
| **Primary Contact:** | Carol Steury<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |
| **Copy of transmittal only provided to:** | Ashley Bilsten |
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Colin Ferguson vs. Midland Credit Management Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 2015-LM-001016 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 03/09/2015 |
| **Answer or Appearance Due:** | 14 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

ELECTRONICALLY FILED
2015 Mar 02 AM 11:11
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2015-LM-001016

Colin Ferguson

vs.

Midland Credit Management, Inc.

## SUMMONS

To the above-named Defendant/Respondent:

> Midland Credit Management, Inc.
> RA: Corporation Service Compnay
> 2900 SW Wanamaker Drive,
> Suite 204,
> Topeka, KS 66614

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 am, on 03/30/2015, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2015 Mar 02 AM 11:11
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2015-LM-001016

In the District Court of Wyandotte County, Kansas
Limited Actions

| | |
|---|---|
| Colin Ferguson,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>Midland Credit Management Inc.<br><br>　　　　　　　　　　Defendant. | Case Number:_____<br><br>Division:_____ |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Midland Credit Management Inc. is a Kansas corporation.

3. At all times relevant hereto, Defendant Midland Credit Management Inc. was and is engaged in the business of , all within Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Colin Ferguson, and as for Count I against Defendant Midland Credit Management Inc., states and alleges as follows:

5. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

8. The principal purpose of Defendant Midland Credit Management Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

10. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

11. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter*

2

*v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

12. Defendant is a purchaser of debt portfolios.

13. Some of the portfolios Defendant's purchase consists of debts that are "stale" or the statute of limitations has expired.

14. On January 30, 2012, another national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

15. Part of the allegations of that petition read as follows:

> **Defendant's Practices When Collecting Debts Beyond the Statute of Limitations**
>
> 30. Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.
>
> 31. The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card, health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

16. In that petition, the United States alleged the following:

3

> 33. Asset tracks the date that it believes any given account will go past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

17. The United States alleged the problems for the consumers when a debt buyer is collecting these stale debts as follows:

> 34. Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written to promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

18. Kansas is a state that has a revival statute such as the one indicated in the petition by the United States.

19. K.S.A. 60-520 entitled "part payment or acknowledgment of liability" states that "in any case founded on contract, when any part of the principal or interest shall have been paid .... an action may be brought in such case within the period prescribed for the same, after such payment", which fully revives the statute of limitations, regardless of how long the debt has been stale.

4

20. As a result of the litigation with the United States and Asset Acceptance entered into a Consent Judgment on January 31, 2012.

21. As part of the Consent Judgment, Asset Acceptance agreed to include the following language in any demand for debt upon which the statute of limitations has expired:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].**

22. Since the entry of that consent judgment, Asset Acceptance LLC was acquired by Encore Capital Group, Inc., which also owns Midland Funding LLC and Midland Credit Management.

23. Presumably because a "sister collector" was the entity who ran afoul with the United States for collecting stale debt improperly, the Defendant has sent a letter to the Plaintiff on March 6, 2014, attached as Exhibit A, which includes the following language:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

24. This was included because the alleged debt, a T-Mobile account, had long expired under the two year statute allowed by federal law.

25. However, in spite of this warning and Defendant's knowledge of the staleness of this debt, Defendant included the following in the letter:

5

> *We can help you reduce your past due balance on your T-Mobile account, which is owned by Midland Funding LLC, and get your finances back on track.*

26. The letter offers to work with the consumer with flexible payment plans when it states the following:

> **We can help you get back on track. Call us today at (800) 282-2644 to discuss your options.** When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline. You can also visit our website at www.midlandcreditonline.com to make payments.

27. And the letter also states that working with the Defendant to resolve the debt will help the consumer as follows:

### Take your first steps towards financial freedom today!

28. The Defendant is telling the Plaintiff that a payment on this debt will improve Plaintiff's financial condition by "getting finances back on track" and "taking steps to financial freedom".

29. The true effect of luring the Kansas consumer into making a payment under the impression that the payment will improve the consumer's finances is to resurrect an old debt, now subjecting the consumer to being sued on the debt and waiving the affirmative defense of the statute of limitations.

6

30. This is exactly the type of concern the United States had when it sued Asset Acceptance as described in paragraph 34 of the complaint quoted above, where consumers were lulled into thinking that a partial payment was a way to avoid negative consequences.

31. The fact that the Defendant is now a sister corporation with Asset Acceptance, as indicated by its inclusion of the disclaimer, exhibits that Defendant is well aware of this issue.

32. This conduct violates 15 USC 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt; and 10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. The above-described acts are misleading to the least sophisticated consumer.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #16330
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

*We can help you reduce your past due balance on your T-Mobile account, which is owned by Midland Funding LLC, and get your finances back on track.*

03-06-2014



Colin Ferguson
18625 W 152nd Ter Apt 809
Olathe, KS 66062-3490

Dear Colin,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid T-Mobile account, which is owned by Midland Funding LLC.

**Reduce the amount you owe and resolve your bill today.**

**If we receive $120.00 by 04-05-2014, we will consider your account balance paid in full!**

If you are unable to make the payment above, we may be able to set up payments as low as $50 each month to help you resolve this past due bill.

**We can help you get back on track.** Call us today at (800) 282-2644 to discuss your options. When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline. You can also visit our website at www.midlandcreditonline.com to make payments.

Don't miss this opportunity to save $80.00 off of your current balance of $200.00. We look forward to assisting you.

Sincerely,

H. Torres
Division Manager

### Take your first steps towards financial freedom today!

- Save $80.00 if you pay by 04-05-2014.

- After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

**Current Balance:** $200.00
**Payment Due Date:** 04-05-2014
**Original Creditor:**
T-Mobile
**Original Account No.:**
454630467
**Current Owner:**
Midland Funding LLC
**MCM Account No.:**
8544315118

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

**PLAINTIFF'S EXHIBIT A**

**CERTIFIED MAIL**

Consumer
7...
Kansas City, Kansas 66101

7014 1820 0001 6275 4129



$7.40
US POSTAGE
FIRST-CLASS
062S0006727656
66101

**Midland Credit Management, Inc.**
RA: Corporation Service Company
2900 SW Wanamaker Drive, Suite 204,
Topeka, Kansas 66614



KANSAS CITY 640
08 MAR 2015 PM